# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6068 | **DATE** | 10/25/2002 |
| **CASE TITLE** | Yager vs. ESA 0753 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, , the Court grants both defendants' motions for judgment as a matter of law (69-1, 78-1, 81-1). The judgment entered on 8/21/02 is vacated. Amended judgment is entered in favor of defendants. Plaintiff's motion for a new trial on damages (79-1) is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 89 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

G. MENNEN WILLIAM YAGER,            )
                                    )
            Plaintiff,               )
                                    )
vs.                                  )    Case No. 00 C 6068
                                    )
ESA 0753, INC., d/b/a Crossland Economy )
Studios, and MITCH'S GREEN THUMB    )
LANDSCAPING CORP.,                   )
                                    )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

G. Mennen William Yager sued hotel owner ESA 0753, Inc. and Mitch's Green Thumb Landscaping Corp. for injuries he claimed to have suffered after falling on a patch of ice on a sloped sidewalk outside the hotel's office. A jury returned a verdict for Yager in the amount of $89,188.53: $12,188.53 for past medical care, $27,000 for past lost earnings, $25,000 for "loss of a normal life," and $25,000 for pain and suffering. The jury declined to award Yager any damages for future lost earnings or medical care. It apportioned 80% of the liability to ESA and 20% to Mitch's.

Both defendants have moved for entry of judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), and Yager has moved for a new trial on damages pursuant to Fed. R. Civ. P. 59(a). For the reasons stated below, the Court grants defendants' JMOL motions and directs the entry of judgment in favor of defendants.

89

## Discussion

In addressing a motion for JMOL, the Court views the evidence and all reasonable inferences in the light most favorable to the non-moving party, and asks whether the evidence thus viewed is sufficient to support the verdict. *See, e.g., Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002). The Court may overturn the verdict "only if we conclude that no rational juror could have found for the prevailing party." *Id.*

In denying defendants' motion for summary judgment, the Court succinctly described the theory on which Yager ended up presenting his case to the jury at trial:

> Yager claims that the ice on the ramp came from melting water that drained off the hotel balcony above the ramp. He has offered an architect's affidavit and report, concluding that the hotel balconies are designed to drain off the edges and that the ramp is on an incline. Yager has provided evidence indicating that after the Landscapers shoveled the balcony walkways, they typically applied salt. He claims this caused the snow to melt and drain onto the ramp below. Yager contends that the ramp incline caused the runoff to descend the ramp and refreeze in the location where he slipped.

*Yager v. ESA 0753, Inc.*, No. 00 C 6068, 2002 WL 924610, at *1 (N.D. Ill. May 3, 2002). In seeking summary judgment, defendants argued that there was no evidence that the balconies had been salted and no evidence there had been any drainage from the balconies prior to Yager's fall. The Court rejected both of these arguments, noting that there was circumstantial evidence that salt had been applied in the days preceding the fall and that it is a matter of common experience that salt melts snow, which thus could have led to a water runoff from the balconies. *Id.* at *3.

Defendants also challenged in their summary judgment motions whether the purported patch of ice on which Yager fell could have resulted from water dripping from the balconies. Yager fell on an area of the sidewalk that was at least ten to twelve feet away from the part of the

2

sidewalk that was directly below the balconies, where any dripping water would have fallen. The Court also rejected this argument, noting that Yager had offered evidence that the sidewalk was sloped in such a way that water dripping from the balconies could have flowed toward the area where Yager slipped. *Id.* The Court noted, however, a potential gap in Yager's evidence, albeit one that the parties had not discussed:

> We might add, however, that we have no basis to determine the likelihood that the scenario posited by Yager actually occurred. *Among other things, it is unclear whether any water produced by residual snow that melted on the balcony could have dripped onto the ramp in quantities sufficient to create a patch of ice in the area in which Yager slipped.*

*Id.* at *4 (emphasis added). Because, however, neither side had addressed this issue, we left it for trial. *Id.*

At trial, Yager did nothing to try to fill in the gap that the Court had identified. He presented no evidence regarding the quantity of snow that was left on the balconies when they were salted after shoveling and no evidence regarding the or quantity of dripping water. Thus it was left entirely to the imagination how much water might have dripped off the balcony onto the sidewalk below. Moreover, the evidence showed that the air temperature was below freezing during the entire period between the salting of the balconies and Yager's fall and that the sidewalk, though sloped toward the area of the fall, had only the slightest of slopes: one inch per twenty linear feet. Yager provided no evidence permitting a reasonable juror to find that *any* water dripping from the balconies could have flowed that far under those conditions, let alone enough to form a patch of ice that far away from the area immediately below the balconies.

To sustain a verdict, the evidence must provide "'a sufficient basis from which the jury could have reasonably reached a verdict without speculation or drawing unreasonable inferences

3

which conflict with the undisputed facts.'" *Maltby v. Wilson*, 36 F.3d 548, 558 (7th Cir. 1994) (quoting *Selle v. Gibb*, 741 F.2d 896, 900 (7th Cir. 1984)); *McMath v. City of Gary*, 976 F.2d 1026, 1035 (7th Cir. 1992) (also quoting *Selle*). Yager's scenario -- at least the part of it that required water to flow down the sidewalk and create an ice patch -- was entirely speculative and unsupported by evidence. The jury's verdict, which can be sustained only if Yager's scenario was supported by the evidence, cannot stand. "Speculation cannot supply the place of proof." *Moore v. Chesapeake & Ohio R. Co.*, 340 U.S. 573, 578 (1951).

## Conclusion

For the foregoing reasons, the Court grants both defendants' motions for judgment as a matter of law [docket items 69-1, 78-1, 81-1]. The judgment entered on August 21, 2002 is vacated, and the Clerk is directed to enter an amended judgment in favor of defendants. Plaintiff's motion for a new trial on damages [docket item 79-1] is denied as moot.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 25, 2002

4